FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN - 1 2006

Stephan Harris, Clerk
Casper

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| WARREN JAY CRAYTON, et al., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Defendant. ) | No. 05-CV-0296-D |

## ORDER FOR SETTLEMENT CONFERENCE

This matter having come before the Court pursuant to a stipulated agreement by the parties for a settlement conference, and the Court finding that the requested relief should be granted, does now hereby

ORDER that the parties appear before the Honorable William C. Beaman, United States Magistrate Judge at **8:30 o'clock a.m.** on **July 18, 2006,** in Room 2117 of the Federal Office Building, Cheyenne, Wyoming, for purpose of a settlement conference; It is

FURTHER ORDERED that all parties shall be present, in person, at the settlement with individuals, other than their attorneys, who have full power and authority to negotiate a binding settlement of the above-entitled matter. This requirement contemplates the presence of the party or, if a corporate entity, an authorized representative. For a

defendant, such representative must have final settlement authority to commit the party to pay, in the representative's discretion, a settlement amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers in excess of $100,00.00) or up to the plaintiff's last demand, whichever is lower. For a plaintiff, such representative must have final authority, in the representative's discretion, to authorize dismissal of the case with prejudice, or to accept a settlement amount down to the amount of the defendant's last offer.

A party's representative shall be the person or persons who has the ultimate, unfettered decision making authority. An agent or representative of a party without this authority will not satisfy this requirement. The Court requires, without exception, the physical presence of the person or persons with the ultimate decision making authority. The purpose of this requirement is to have representatives present, in person, during the settlement conference, who can settle the case during the course of the conference without consulting a superior. Any failure to comply with this requirement will be considered contempt of the District Court.

If approval by a Board may be required to authorize settlement, the authorized settlement authority shall be approved by the Board in advance of the conference, and the attendance of at least one sitting member of the Board (preferably the Chairman) is required.

No party representative shall have any limit or "cap" on his or her authority which cap is less than the level of authority required above. It is

FURTHER ORDERED that counsel appearing without their clients (whether or not counsel has been given settlement authority) will cause the conference to be canceled and rescheduled. The noncomplying party, attorney, or both may be assessed the costs and expenses incurred by other parties and the Court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the judge to whom the case is assigned. It is

FURTHER ORDERED that any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have an authorized settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, in the representative's discretion, an amount within the policy limits. A party's representative shall be the person or persons who has the ultimate, unfettered decision making authority. An agent or representative of a party without this authority will not satisfy this requirement. The Court, without exception, requires the physical presence of the person or persons with the ultimate decision making authority. The purpose of this requirement is to have an insurance representative present, in person, during the settlement conference, who can settle the outstanding claim or claims during the course of the conference without

consulting a superior. An insurance representative authorized to pay, in his discretion, up to the plaintiff's last demand will also satisfy this requirement. Any failure to comply with this requirement will be considered contempt of the District Court.

No party representative shall have any limit or "cap" on his or her authority which cap is less than the level of authority required above. It is

FURTHER ORDERED that the parties shall set forth the amount of costs (excluding attorney fees) expended prior to the settlement conference, and the costs to be expended for further discovery, pretrial, trial and appeal. It is

FURTHER ORDERED that prior to the settlement conference, counsel are directed to discuss settlement with their respective clients and insurance representatives. Counsel are further directed to discuss with their clients settlement formats, structured settlements, annuities, and Rule 68 offers to compromise. Thereafter, the parties, their attorneys and representatives are directed to meet together and discuss settlement, and make every effort to reach a compromise or, at least, narrow the range of disparity prior to the settlement conference. Specifically, the parties shall negotiate and make a good faith effort to settle the case without the involvement of the Court. Specific proposals and counter proposals shall be made. If settlement is not achieved before the Settlement Conference, the parties shall be prepared to be engaged in further negotiation at the conference. It is

FURTHER ORDERED that the parties shall fully comply with all other requirements and conditions for the settlement conference as set forth in United States District Court Local Rule 16.3. It is

FURTHER ORDERED that a failure to fully comply with any of the requirements of this Order may result in the imposition of appropriate sanctions, which may include contempt proceedings.

## SETTLEMENT CONFERENCE STATEMENTS

IT IS FURTHER ORDERED that each of the parties shall simultaneously submit a settlement conference statement, for the use of the Magistrate Judge in conducting the settlement conference, no more than ten (10) pages in length containing the following information:

1) a complete, but concise summary of the general facts and the legal issues;

2) a statement explaining the factual and legal positions asserted by the party, together with an explanation how the specific facts and legal theories support the positions taken;

3) a statement explaining the party's position regarding damages, including specification of the different categories of claimed damages;

4)       forthright and candid statements as to those specific facts and legal issues which are viewed by the party itself to be so weak that the opposing party may prevail significantly at trial;

5)       a statement explaining any outstanding liens, the verified amounts, the terms of the liens, whether they are negotiable, and whether the presence of a representative of the lien holder is necessary;

6)       a statement explaining the nature of discussions made with your client explaining settlement formats, structured settlements, annuities, and Rule 68 offers to compromise;

7)       a statement explaining the nature of any prior settlement negotiations, and

8)       a statement indicating the number and names of the participants expected to participate in the settlement conference.   It is

FINALLY ORDERED that the settlement statements shall be submitted to the Chambers of the Honorable William C. Beaman, on or before **July 11, 2006,** (via facsimile -(307) 433-2185 - **OR** mail).  The settlement conference statements shall be held in

confidence and are not to be either filed with the clerk's office or exchanged with opposing counsel.

Dated this 30th day of May, 2006.

*[signature]*
UNITED STATES DISTRICT JUDGE